UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERMAINE A. HAMPTON,

        Plaintiff,

    v.                                   Case No. 20-C-1520

CHERYL JEANPIERRE, et al.,

        Defendant.

---

## SCREENING ORDER

---

      Plaintiff Jermaine Hampton, who is currently serving a state prison sentence at Waupun Correctional Institution (WCI) and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

      Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.01. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations

must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

In March 2017, Nurse Larson gave Plaintiff a flu shot that allegedly caused pain, muscle spasm, and decreased range of motion. Compl., Dkt. No. 1 at 6. A few days later, during a follow up due to his "adverse reactions" to the shot, she prescribed him ibuprofen muscle rub and loperamide for the discomfort and told him to rest and increase his fluids. *Id*. On May 5, 2017, Dr. Syed administered a steroid injection into Plaintiff's left arm in an attempt to "loosen it up," but it had no positive effect. *Id*. On September 8, 2017, Plaintiff received another steroid injection that did not help. *Id.* On or about October 7, 2017, Plaintiff "woke up in excruciating pain and was unable to move his hands and arms," believing that he was having a stroke. *Id*. Plaintiff became increasingly incapacitated, to the point where he was unable to conduct activities such as bathing, showering, grooming, eating, and writing without assistance, and he submitted numerous health service requests for care. *Id*. at 8.

Between March and October 2018, Plaintiff met with WCI's Americans with Disabilities Act coordinator to attempt to obtain accommodation for his purported disabilities, but was denied because the Health Services Unit did not support his disability claims. *Id*. at 6. At an August 15 appointment with Dr. Jean-Pierre, Plaintiff asked about receiving assistance with feeding and showering and Dr. Jean-Pierre allegedly responded that he would "eventually heal and needed to start doing things for himself." *Id*. at 10. That same day, Plaintiff met with Captain Tritt, the Restrictive Housing Unit supervisor, who offered to provide Plaintiff assistance if he would be willing to leave restricting housing because Tritt would not allow his staff in restrictive housing. *Id*. Plaintiff refused. *Id*.

3

Plaintiff's care provider during 2019, Robert Martin, discontinued his prescription medication due to potential negative effects and allegedly told Plaintiff to use Tylenol. *Id*. at 12. Martin also allegedly yelled at Plaintiff during a subsequent appointment and prescribed him a different, less effective medication. *Id*. Plaintiff's latest care provider, Mary Moore, has met with him twice but allegedly has not yet established a treatment plan. *Id*. at 13. During his stay at WCI, Plaintiff has allegedly been diagnosed with adhesive capsulitis, axial spondyloarthritis, neural foraminal stenosis of the cervical spine, paresthesia, vitamin D deficiency, and cervical myelopathy. *Id*. at 4.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff's current complaint is largely a reframing of a prior dismissed complaint. *See Hampton v. Meli,* No. 20-cv-896 (E.D. Wis.). Under the doctrine of res judicata, or claim preclusion, Plaintiff cannot bring another suit on the same issues involving the same parties. "Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). The issue of claim preclusion is analyzed based on three elements: "identity of claims, identity of parties, and a final prior judgment on the merits." *Perry v. Globe Auto Recycling, Inc.*, 227 F.3d 950, 952 (7th Cir. 2000).

4

"In order to decide whether the two cases involve the same claim, we ask whether they arise out of the same transaction. If they did, whether or not they were actually raised in the earlier lawsuit, they may not be asserted in the second or subsequent proceeding." *Ross v. Bd. of Educ.*, 486 F.3d 279, 283 (7th Cir. 2007). Res judicata requires joinder of claims based on the same or almost the same allegations or series of transactions. *Id.* at 283 (citing *Perkins v. Bd. of Trs. of Univ. of Illinois*, 116 F.3d 235, 236–37 (7th Cir. 1997)). In *Hampton v. Meli*, Plaintiff brought claims against most of the same defendants over their allegedly inadequate medical care for his ongoing pain and their failure to accommodate his alleged disability from January 2016 to August 2020. While Plaintiff now provides more specificity as to who allegedly did what, he cites the same conditions as listed in *Hampton v. Meli* (adhesive capsulitis, axial spondyloarthritis, neural foraminal stenosis of the cervical spine, paresthesia, vitamin D deficiency, and cervical myelopathy) over largely the same time period, with one key difference. In *Hampton v. Meli*, Plaintiff acknowledged that his medical complaints began before his arrival at WCI and claimed his condition progressively deteriorated beginning in about January 2016. Am. Compl., No. 20-cv-896 (E.D. Wis.), Dkt. No. 41. In that case, he acknowledged that the pain and numbness in his extremities was attributable to a herniated disc that was diagnosed in July 2018. *Id*. In the instant case, Plaintiff makes no mention of the herniated disc and implies that his medical ailments originated from a flu shot he received in March 2017. Although he essentially substituted a flu shot for a herniated disc in the current complaint and narrowed the time frame of the alleged offenses, there is no question that Plaintiff's current complaints about his medical care and accommodations relate to the same series of interactions with the same officials at WCI as those he described in *Hampton v. Meli*. Thus, the first two elements of claim preclusion are met.

5

"The third element of claim preclusion requires a final judgment on the merits in the first case." *Ross*, 486 F.3d at 284. This last element is met through the screening order that dismissed Plaintiff's amended complaint in *Hampton v. Meli*. Plaintiff's first complaint in that case was dismissed for failure to state a claim, he was allowed to amend it, and the amended complaint similarly failed to state a claim. Plaintiff's complaint was reviewed and dismissed on the merits by this court, and a district court's decision is considered a final judgment for the purposes of appeal. *Id*. Therefore, all three elements are met, and Plaintiff's current claims are precluded as a matter of law.

Finally, it is worth noting that this latest complaint adds former Warden Brian Foster, former Deputy Warden Steve Wierenga, Secretary of Corrections Cathy Jess, and Captain Kyle Tritt to the list of defendants as compared to those in *Hampton v. Meli*. But as "Section 1983 does not authorize supervisory liability," *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) (internal quotations and citations omitted), and Plaintiff provides no evidence of their involvement in his care except to say that either he or his friends and family notified those individuals of his complaints and they failed to respond to his satisfaction, he has stated no claim against Foster, Wierenga, or Jess. Additionally, Tritt was not a named defendant in *Hampton v. Meli*, but he was directly involved in the alleged denials of Plaintiff's accommodation requests that were central to that complaint. Thus, any claims against Tritt or any other possible defendants arising from those transactions are also precluded.

## CONCLUSION

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir.

1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 9) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **as frivolous**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $348.99 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bonafide arguments supporting his appeal.

Dated at Green Bay, Wisconsin this  30th   day of October, 2020.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.